UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CATHERINE OLIVIER** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 06-9574** |
| **REPUBLIC FIRE AND CASUALTY** | * | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court is the Plaintiff's Motion to Remand (Rec. Doc. 3). For the following reasons, the Plaintiff's motion is now DENIED.

### I.   BACKGROUND

This case arises from a dispute regarding insurance coverage for the Plaintiff's home located at 148 16th Street in New Orleans, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendant in this case is Republic Fire and Casualty Insurance Company ("Republic"),[1] the Plaintiff's homeowner's insurance carrier. The Plaintiff's policy has coverage limits of $135,000 for dwelling, $94,500 for contents, and $27,000 for loss of use. Republic has paid the Plaintiff approximately $10,000 pursuant to the homeowner's policy.

In August of 2006, the Plaintiff filed the present action in the Civil District Court for the Parish of Orleans, State of Louisiana. The Plaintiff alleges that she is entitled to payment from State Farm for damages and losses to the property, in addition to bad-faith penalties under Louisiana law.

---

[1] The Defendant was improperly named as Republic Fire and Casualty in the petition.

1

Republic removed this case to federal court on November 3, 2006, contending that this Court has jurisdiction under either of the following provisions: (1) diversity jurisdiction under 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000; or (2) the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369. On November 21, 2006, the Plaintiff filed the instant motion to remand.

## II.    LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

Republic contends that this Court has diversity jurisdiction over this case because the parties are diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. The Plaintiff is a Louisiana citizen. Republic is an Oklahoma corporation with its principal place of business in Texas, and is thus a citizen of both Oklahoma and Texas. Indeed, in her motion to remand, the Plaintiff "stipulates that there is complete diversity between her and Republic."

The uncertainty regarding the amount in controversy arises in this case because "Louisiana prohibits plaintiffs from claiming a specific dollar amount of damages." *Felton v.*

*Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003).  In this Circuit, "[w]hen the plaintiff's complaint does not allege a specific amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy" is sufficient to meet the statutory requirements.  *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).  The defendant satisfies its burden by either (1) "demonstrating that it is 'facially apparent' that the claims are likely above $75,000," or (2) "setting forth facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support the finding of the requisite amount."  *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citation omitted).

"Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him."  *Davis v. State Farm Fire & Cas.*, Nos. 06-560, et al., 2006 WL 1581272, at *2 (E.D. La. June 7, 2006).  In this case, the Plaintiff has not made such a binding stipulation in her petition, nor has she even contested the fact that the amount-in-controversy requirement is satisfied.  Accordingly, the Court finds that Republic has demonstrated that the amount in controversy exceeds $75,000 and, thus, that diversity jurisdiction exists in this case.[2]

---

[2] While the Court need not consider whether federal jurisdiction exists under the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369, the Court notes that, in this case, it does not.  *See, e.g., Case v. ANPAC La. Ins. Co.*, ___ F. Supp. 2d ___, 2006 WL 3615064, at *6-15 (E.D. La. Dec. 11, 2006); *Southall v. St. Paul Travelers Ins. Co.*, No. 06-3848, 2006 WL 2385365, at *5-6 (E.D. La. Aug. 16, 2006); *Flint v. La. Farm Bureau Mut. Ins. Co.*, No. 06-2546, 2006 WL 2375593, at *2-4 (E.D. La. Aug. 15, 2006).

## III.     CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to Remand is DENIED.

New Orleans, Louisiana, this __21st__ day of __February__, 2007.

*Eldon E. Fallon*

UNITED STATES DISTRICT JUDGE